UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SPARKTRODE L.L.C., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 04 C 8018 |
| HMT HIGH MEDICAL TECHNOLOGIES A.G., | ) Judge Ruben Castillo ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Sparktrode L.L.C. ("Sparktrode") brought a declaratory judgment action against Defendant HMT High Medical Technologies A.G. ("HMT"). On December 14, 2004, this Court dismissed Sparktrode's action with prejudice. Sparktrode requests, pursuant to Federal Rule of Civil Procedure 59(e), that we amend our judgment. (R. 4-1.) For the reasons provided herein, we deny Sparktrode's motion.

## RELEVANT FACTS

On September 5, 2000, HMT, a Swiss Company in the business of developing and manufacturing medical devices, obtained United States Patent No. 6,113,560 for a "Method and Device for Generating Shock Waves For Medical Therapy Particularly for Electrohydraulic Lithotripsy" ("the '560 Patent"). HMT discovered that Dr. Marc Rubinstein was acquiring, reconstructing, and reselling spent electrode devices manufactured by HMT pursuant to its '560 Patent. On November 5, 2004, HMT filed a lawsuit for patent infringement and deceptive trade practices in the United States District Court for the Northern District of Georgia (the "Georgia case") against two companies associated with Dr. Rubinstein: United Shockwave Services, L.T.D. and United Shockwave Therapies, L.L.C. (collectively "Shockwave").

On December 10, 2004, Sparktrode, which is also associated with Dr. Rubenstein, filed its declaratory judgment complaint, which sought a declaration of non-infringement of HMT's '560 Patent. We dismissed Sparktrode's complaint with prejudice in a minute order stating:

> After careful review of its recently filed complaint for a declaratory judgment, this Court dismisses said complaint with prejudice and refuses to exercise its discretionary jurisdiction because there is already pending litigation in the Northern District of Georgia. This Court concludes that it should follow the first-filed rule. Furthermore, there is no jurisdiction or venue over the non-resident defendant in this case.

(R. 2, Dec. 14, 2004 Minute Order.) Subsequent to our dismissal, we learned that Sparktrode was not a legal entity when it filed its complaint because its limited liability company status had been involuntarily dissolved. Shortly after Sparktrode's status was reinstated, HMT added Sparktrode as a party to the Georgia case. We have also learned that the Georgia case has been stayed because HMT filed for bankruptcy protection in Switzerland.

## LEGAL STANDARDS

This Court has wide discretion to decide a Rule 59(e) motion to amend a judgment. *Caisse Nationale de Credit v. CBI Indus.*, 90 F.3d 1264, 1270 (7th Cir. 1996); *Williams v. Poulos*, 11 F.3d 271, 289 (1st Cir. 1993). These motions "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982)).

## ANALYSIS

Sparktrode asserts that this Court committed multiple legal errors when we dismissed its complaint. Sparktrode claims that we should not have applied the first-filed rule and, even if we properly applied the rule, we should have dismissed its complaint without prejudice. Sparktrode

2

also asserts that we should not have dismissed its complaint for lack of personal jurisdiction, but given our resolution of Sparktrode's first two arguments we need not address that argument.

## I.     The First-Filed Rule

We have broad discretion to decline to hear a declaratory judgment action, even one within our jurisdiction—particularly if it is duplicative. *Tempco Elec. Heater Corp. v. Omega Eng'g*, 819 F.2d 746, 747 (7th Cir. 1987); *see also Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995). No court—particularly this one—wants to encourage the simultaneous litigation of two essentially identical claims in two separate federal courts. *See Asset Allocation & Mgmt. Co. v. W. Employers Ins. Co.*, 892 F.2d 566, 573 (7th Cir. 1989). Thus, we adhere to the "inherently fair" concept that the party who commenced the first suit generally should be afforded its choice of venue. *Barrington Group, Ltd. v. Genesys Software Sys., Inc.*, 239 F. Supp. 2d 870, 873 (E.D. Wis. 2003) (quoting *Ontel Prods., Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1150 (S.D. N.Y. 1995)). This first-filed rule applies even when the defendant in a second-filed case is not a defendant in the first-filed case if its interests are "clearly aligned" with the defendant's interests in the first-filed case. *Marshak v. Reed*, No. 96 CV 2292(NG)(MLO), 2000 WL 33152076, at *3 (E.D. N.Y. Oct. 17, 2000). The first-filed rule should only be disregarded to "prevent wrong or injustice." *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989). For example, it would be unjust to apply the rule when the first-filed case was an "improper anticipatory filing" made either for the purpose of forum shopping or under the apparent threat of a presumed adversary filing. *Ontel Prods.*, 899 F. Supp. at 1150 (quoting *800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 132 (S.D. N.Y. 1994)).

The Georgia case is the first-filed case. It was filed a month earlier than this case and involves the same issues. Sparktrode was not initially named as a party, but Sparktrode's interests were adequately protected by Shockwave. These companies are all affiliated with Dr. Rubenstein. Moreover, Sparktrode was added to the Georgia case after its limited liability company status was reinstated. Furthermore, there is no evidence that HMT's filing was improper, anticipatory, or constituted forum shopping. Thus, we properly applied the first-filed rule.

## II. Dismissal With or Without Prejudice

The court overseeing the first-filed case should generally decide whether the first-filed rule applies. *Weber-Stephen Prods. Co. v. Ivy Mar Co., Inc.*, No. 93 C 5462, 1994 WL 11711, at *1 (N.D. Ill. Jan. 13, 1994). The court overseeing a second-filed, declaratory judgment action, however, can dismiss that case with prejudice if the first-filed case will resolve the entire controversy. *See Int'l Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1218 (7th Cir. 1980). A court can even dismiss with prejudice a first-filed declaratory judgment action if it is aimed solely at wresting the choice of forum away from the "natural" plaintiff, *NUCOR Corp. v. Aceros y Maquilas De Occidente S.A. de C.V.*, 28 F.3d 572, 577 (7th Cir. 1994) (quoting *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 10 F.3d 425, 431 (7th Cir. 1993)), because such preemptive filings are "expressly disfavored," *Eli's Chi. Finest v. Cheesecake Factory Inc.*, 23 F. Supp. 2d 906, 908 (N.D. Ill. 1998). After all, a declaratory judgment should issue only if it will serve a useful purpose. *Int'l Harvester*, 623 F.2d at 1218.

Sparktrode asserts that we should have dismissed this action without prejudice. We disagree. The Georgia case involves the same parties and issues. The court overseeing that case

4

could transfer it to this district if it determines that this district is the most appropriate venue. Our dismissal therefore does not prejudice Sparktrode. Additionally, HMT is bankrupt, so the Georgia case is currently stayed—as this case would be were we to re-open it. Thus, dismissal with prejudice is the best way to conserve scarce judicial resources in the face of duplicative litigation. *Trippe*, 46 F.3d at 629; *see also Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572 F. Supp. 1210, 1212-13 (D.C. Ill. 1983). Accordingly, we decline to amend our judgment.

## CONCLUSION

This Court denies Sparktrode's motion to amend the judgment. (R. 2-1.) We properly applied the first-filed rule and properly dismissed Sparktrode's duplicative declaratory judgment action with prejudice.

ENTERED: _____

Judge Ruben Castillo
United States District Court

**DATED: July 13, 2005**